UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTY BRIGHT,

        Plaintiff,

v.                           Case No. 5:23-cv-00101-BJD-PRL

UNITED STATES OF AMERICA,

        Defendant.
_____/

## UNITED STATES' MOTION TO DISMISS

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), all claims asserted in Plaintiff's Complaint.

## SYNOPSIS

Plaintiff, an inmate at the Bureau of Prisons ("BOP") Federal Correctional Institute—Aliceville, brings suit against the United States seeking relief pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-80 ("FTCA"). (Doc. 1, ¶¶1, 12) The FTCA provides the exclusive remedy with respect to Plaintiff's claims against the United States. The Court should dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction because Plaintiff failed to properly exhaust the administrative remedies necessary to provide this Court jurisdiction over her claims. The FTCA requires tort claimants like Plaintiff to exhaust administrative remedies before commencing an action in federal court. Here, Plaintiff cannot show that she timely "presented" her notice of claim to the appropriate federal agency within the

meaning of 28 U.S.C. § 2675(a).  Accordingly, the Complaint should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Plaintiff commenced this action on February 10, 2023, with the filing of her Complaint.  Plaintiff alleges she was sexually abused and harassed by a corrections officer while incarcerated at the Federal Corrections Complex—Coleman in Sumter County, Florida.  In her Complaint, Plaintiff alleges that "[o]n or about March 9, 2022, Plaintiff filed a claim with the U.S. Bureau of Prisons (BOP) under the FTCA demanding damages of a set sum and has satisfied the jurisdictional prerequisites." (Doc. 1, ¶2)  "To date, neither Plaintiff nor her counsel has received a response to her claim and more than six months has passed since its filing."  *Id.*  Plaintiff offers the legal conclusion that she "has exhausted her administrative remedies and has otherwise performed all acts precedent to bringing this suit or such acts have been waived."  *Id.*  Plaintiff does not attach any documentary evidence of the purportedly filed claim, the return receipt, a United States Postal Service tracking record or any other proof of mailing the claim, or, critically, proof that the claim was actually received by the BOP.  As set forth in the Declarations of Kevin Littlejohn and Jeanie Register (attached hereto as Exhibit A and B, respectively) and confirmed by the certified mail receipt Plaintiff's counsel provided to the undersigned subsequent to the filing of the Complaint and prior to the filing of this motion (attached hereto as

Exhibit C) , the evidence is undisputed that the BOP did not receive a claim by or on behalf of Plaintiff.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal when it appears that the court lacks jurisdiction over the subject matter of the dispute. *See* Fed.R.Civ.P. 12(b)(1). Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: facial and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A facial attack on the complaint requires "the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Id.* at 1529 (citations omitted). A factual attack challenges subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings are considered. *See id.*

## ARGUMENT

**A. The FTCA Is Plaintiff's Exclusive Remedy Against the United States.**

The United States enjoys immunity from suit except in those instances in which it has expressly consented to be sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Congress can waive the United States' sovereign immunity through unequivocal statutory language and may impose conditions on such a waiver. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mottaz*, 476 U.S. 834, 841 (1986). Waivers of sovereign immunity and their

conditions—whether substantive, procedural or temporal—must be *strictly* applied against the claimant. *Library of Congress v. Shaw*, 478 U.S. 310, 314, 318-21 (1986). If the United States has not waived its sovereign immunity, or if the conditions under which the United States has agreed to waive that immunity have not been met, federal subject-matter jurisdiction does not exist. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *F.D.I.C. v. Meyer*, 510 U.S. at 474-75 (sovereign immunity raises a jurisdictional bar to suit). Thus, a claimant cannot sue the United States without complying with all statutory and regulatory prerequisites.

Plaintiff brings her claims against the United States under the FTCA. (Doc. 1, ¶¶1) A suit against the United States under the FTCA is the exclusive remedy for a claim for money damages for injury "arising or resulting from the negligent or wrongful act or omission of any employee of the Government which acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).

### B. The FTCA Requires Plaintiff To Have "Presented" A Notice Of Claim To The Appropriate Agency Prior To Filing A Lawsuit.

In pertinent part the FTCA provides:

> [A]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* . . . .

*See* 28 U.S.C. § 2675(a) (emphasis added). "[A] federal agency must receive an SF95 or other written notification from a claimant before the claimant can proceed against

4

that agency." *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1241 (11th Cir. 2002).  This written notification of the claim provides the federal agency "an opportunity to resolve the dispute without litigation."  *Id.* at 1236.  The claim must provide enough notice of the dispute to enable the agency to investigate.  *Orlando Helicopter Airways v. United States*, 75 F.3d 622, 625 (11th Cir. 1996).  Importantly, a "tort claim against the United States shall be *forever barred* unless it is presented in writing the appropriate Federal agency within two years after such claims accrues…."  28 U.S.C. § 2401(b) (emphasis added).

Plaintiff failed to present an administrative claim to the BOP.  Plaintiff represents she filed a claim with the BOP on March 9, 2022.  Though not attached to the Complaint, Plaintiff provided a certified mail receipt to the undersigned with a tracking number purportedly providing evidence the claim was mailed to the BOP's Southeast Regional Office.  *See* Ex. C.  The tracking number, however, conclusively establishes that the claim was not delivered to the proper agency.  *See* Ex. D.

Any claim that although the tracking information shows the claim was not delivered this does not mean it was not received by BOP is without merit.  Here, the United States has submitted persuasive evidence (in the form of two declarations attached to this Motion to Dismiss) of the BOP's usual procedures for handling mail and of the non-receipt of Plaintiff's administrative claim.

Even if a presumption of receipt arises based on the mailing of the letter, the record supports a finding that the United States has rebutted that presumption.  In *Barnett*, the plaintiff mailed the completed SF95 to the VA in a postage-paid, business

5

reply envelope that a staff attorney with the Office of Regional Counsel had sent to the plaintiff.  *Barnett*, 283 F.3d 1235.  The VA filed a motion to dismiss and presented evidence that it had not received any notice of the claim.  The district court granted the VA's motion, and the plaintiff appealed.

The Eleventh Circuit determined that, while inconclusive, the plaintiff's statements and documentation regarding his mailing a completed SF-95 to the VA "raise[d] an inference that he did so" and a presumption of receipt by the VA under 28 U.S.C. § 2675 and 28 C.F.R. § 14.2 because the envelope was properly addressed, stamped, and mailed.  *Id.* at 1238-40.  While the Eleventh Circuit noted the VA could overcome the presumption of receipt by putting forth sufficient evidence that the claim was not received, it concluded the VA had fallen short of overcoming this presumption because it merely presented the declarations of individual employees saying they could not locate a copy of the claim, without presenting testimony about the office's practice and procedure for receiving and filing incoming mail.  *Id.* at 1241.

The facts presented here are distinguishable.  The United States has presented declarations from employees at different BOP offices that the claim could not be located—putting to one side the incontrovertible evidence that the certified mail receipt tracking number shows the claim was not delivered—and has submitted evidence of the BOP's practice and procedure for receiving and filing incoming administrative claims.  *See* Exs. A and B.

Plaintiff cannot credibly claim due diligence in ensuring the BOP's receipt of her claim.  Plaintiff had the ability to use the certified mail tracking number to confirm

6

receipt but simply failed to do so. Moreover, on the face of the Complaint it is clear that Plaintiff knew she had not received a response to her claim but failed to follow-up with the BOP or, critically, use the tracking number.

## CONCLUSION

Plaintiff cannot provide any evidence to prove the BOP received her administrative claim. Further, the United States has provided two declarations setting forth the BOP's practice and procedure for receiving and filing incoming administrative claims. Dismissal of Plaintiff's claims for lack of subject-matter jurisdiction is appropriate.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to the requirements of Local Rule 3.01(g), the undersigned conferred with Plaintiff's counsel. Plaintiff opposes the relief sought herein.

Dated: April 24, 2023                    Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   */s/ Julie Posteraro*
Julie R. Posteraro
Assistant United States Attorney
USA No. 157
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7588
Email: Julie.Posteraro@usdoj.gov