UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTY BRIGHT,

          Plaintiff,

v.                                   Case No. 5:23-cv-00101-BJD-PRL

UNITED STATES OF AMERICA,

          Defendant.
_____/

**UNITED STATES' REPLY IN
SUPPORT OF MOTION TO DISMISS**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits this reply in support of its Motion to Dismiss.

**Preliminary Statement**

Plaintiff concedes that under the Federal Tort Claims Act, ("FTCA") 28 U.S.C. §§ 1346(b), 2671-2680, "a federal agency must *receive* an SF95 or other written notification from a claimant before the claimant can proceed against that agency." Doc. 10, p.3 (quoting *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1241 (11th Cir. 2002)) (emphasis added). Although Plaintiff submitted evidence of mailing her administrative tort claim, Plaintiff presents no evidence the Bureau of Prisons ("BOP") actually received her claim in light of the United States' evidence that it did not. For the reasons set forth below and those previously advanced by the United States, Plaintiff has failed to satisfy the FTCA's presentment requirement.

# ARGUMENT

### A.     The FTCA's Presentment Requirement Requires Actual Receipt.

Plaintiff has presented evidence that the administrative claim at issue was properly addressed, the mail was stamped, and the document mailed, thereby creating an inference of receipt. *See Barnett*, 283 F.3d at 1240. The BOP, however, can still put forth evidence to rebut the inference of receipt. *See id.* (citing *Bailey v. United States*, 642 F.2d 344, 347 n.1 (9th Cir. 1981) ("[T]he presumption [that the plaintiff's FTCA claim was received], assuming that it exists, [was] rebutted by proof of non-receipt")). "After all, the presumption of receipt is 'not a conclusive presumption of law … and, when it is opposed by evidence that the letters were never received must be weighed with all the other circumstances of the case … in determining the question of whether the letters were actually received or not.'" *See id.* (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884)). The administrative exhaustion requirement under 28 U.S.C. § 2765(a) is a jurisdictional precondition of that waiver [of sovereign immunity] and must be enforced. *See id.* at 1237.

### B.     The United States' Evidence of Non-Receipt Rebuts Any Inference of Receipt Arising From Plaintiff's Proof of Mailing.

The record in this case fails to establish the requisite presentment. In *Barnett*, the court allowed proof of mailing to give rise to a rebuttable presumption of receipt and found the government's bald assertion of non-receipt failed to rebut the presumption of receipt with sufficient evidence of non-receipt. Clearly, *Barnett* does not stand for the proposition that proof of mailing alone conclusively establishes the requisite

2

presentment of a claim to the appropriate federal agency where, as here, the agency comes forward with evidence of non-receipt.

Specifically, the United States produced the tracking printout from the Postal Service for the certified mail stamp provided by Plaintiff's counsel, which showed the last status for the claim as "Moving Through Network" on March 18, 2022—more than a year before the United States filed its Motion to Dismiss. In the face of this evidence of non-receipt, Plaintiff claims the "possib[ility]" the mail piece was delivered but the final scan of delivery was not captured. Doc. 10, p.6. The United States submits the *possibility* the BOP received Plaintiff's administrative claim in light of the clear evidence of non-receipt is insufficient when the FTCA on its face demands actual receipt. The United States further submits that any such purported possibility—even if it were it to exist—is to so low as to be non-existent.

The United States files herewith the Declaration of Nathan Solomon, Chief Counsel of the General Law Unit, to address Plaintiff's claim. *See* May 22, 2023, Declaration of Nathan T. Solomon (attached hereto as Exhibit A). Mr. Solomon attaches to his declaration the internal Postal Service tracking information related to the certified mailing of Plaintiff's claim. *Id.*, ¶4. The internal tracking information shows the last scan of the claim occurred on March 14, 2022, at 1:50pm at the Atlanta Processing and Distribution Center. *Id.*, ¶5. Any subsequent tracking entries are system-generated automatically and do not reflect actual scans of the mail. *Id.* Had the claim left the Atlanta Processing and Distribution Center, it would have undergone multiple additional scans. *Id.* Not just the one scan upon delivery Plaintiff seems to

3

contemplate, but at least three additional scans prior to delivery. *Id.* In other words, there is no evidence the claim left the Atlanta Processing and Distribution Center. *Id.*

Tracking information for other mailings with a destination zip code of 30331, the final destination of Plaintiff's administrative claim, that were scanned by the same sorting machine that scanned the administrative claim on March 14, 2022, is instructive as to the information expected from mail with the same destination zip code. *Id.*, ¶6. Mr. Solomon reviewed the tracking information of three other mailings with the 30331 destination zip code. *Id.* All three mailings were scanned by the same machine, on the same day, at about the same time as the administrative claim. *Id.* Plaintiff's claim was scanned at 1:50pm, while one of the other mailings was scanned at 1:41pm and the two others were scanned at 1:49pm. *Id.* Tracking information for these mailings shows that each was scanned at least three additional times before they were delivered to the intended recipients. *Id.* All three were scanned on March 16, 2022 at 8:59am when they arrived at the Industrial Station Post Office for delivery, which is the station responsible for delivery mail to zip code 30331. There is no record of the administrative claim at issue being scanned at Industrial Station. *Id.*, ¶7. Based on the tracking information available for the administrative claim and the three other mailings intended for delivery in the 30331, there is no data to support a conclusion the claim ever left the Atlanta Processing and Distribution Center. *Id.*, ¶8.

The evidence Plaintiff's claim never left the Atlanta Processing and Distribution Center is supported by Kevin Littlejohn's declaration (Doc. 5-1) that the claim was never received at the Southeast Regional Counsel's Office. Mr. Littlejohn detailed the

office's practice and procedure for managing incoming mail to the facility, specifically that pertaining to tort claims alleging sexual misconduct by staff. Mr. Littlejohn, who processes all tort claims arriving at the Southeast Regional Counsel's Office, has no record of receiving a tort claim from Plaintiff. If he had received such a claim—which he did not—he would have sent the claim to the CLC Supervisory Attorney at the Federal Correctional Complex—Coleman ("FCC-Coleman"). Moreover, Jeanie Register, a Legal Assistant at FCC-Coleman, set forth in her declaration that BOP has never received an administrative tort claim from Plaintiff and specifically has no record of receiving a tort claim alleging a sexual assault on behalf of Plaintiff. (Doc. 5-2)

Contrary to Plaintiff's claim, the United States is not shifting the burden back to Plaintiff. It is Plaintiff's burden to present her claim to the agency under the FTCA. The United States has produced evidence to rebut an inference the BOP received her claim, and now Plaintiff must show otherwise, which she cannot do.

Plaintiff does not claim ignorance of the FTCA's requirements. She knew a claim was required. She knew when it must be presented. Moreover, when Plaintiff received no acknowledgment of the claim from the BOP (Doc. 1, ¶3), this should have suggested the claim had not been received. Particularly when, in at least one other case, Plaintiff's counsel has received such a notice. *See* Exhibit B. Counsel presumably sent the claim by way of certified mail because it is a well-known and easy way to establish receipt, and yet they failed to timely confirm receipt. Plaintiff should not now receive the benefit of stretching the clear requirements of the FTCA.

Dated: May 26, 2023          Respectfully submitted,

                                         ROGER B. HANDBERG
                                         United States Attorney

By:    */s/ Julie Posteraro*
        Julie R. Posteraro
        Assistant United States Attorney
        USA No. 157
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7588
        Email: Julie.Posteraro@usdoj.gov