UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTY BRIGHT,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 5:23-cv-101-BJD-PRL

### **Plaintiff's Surreply to United States' Motion to Dismiss**

In its reply, the government tries to rebut the presumption under *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232 (11th Cir. 2002) that Ms. Bright properly mailed her FTCA presuit notice by relying to the testimony of a third declarant, Nathan T. Solomon, a lawyer for the U.S. Postal Service, who provides third-party subpoena responses "for information and documents related to certified mail." (Doc. 17; Doc. 17-1). The Court should reject Mr. Solomon's testimony for two reasons.

*First*, while the government's other declarants at least knew the operations at the Bureau of Prisons Southeast Regional Office and Coleman, Mr. Solomon provides no testimony from personal knowledge of how the mail is or should be received and processed by BOP. In her response to the motion to dismiss, Ms. Bright explained that the government's previous declarations

were insufficient under *Barnett* because there was no testimony about the practices at the initial point of receipt at the BOP's mail screening site that could overcome the presumption. (Doc. 10 PageID 58–59). In its reply, the government takes a step back to argue that the mail never arrived at the BOP screening site because the notice was not recorded as received at the Industrial Station Post Office—the next stop in the mail according to Mr. Solomon. But that does not answer the question that plagued the Department of Veteran's Affairs in *Barnett*—if the absence of a document from records does not preclude the possibility of receipt of that document, then the absence of a complete record of delivery does not preclude the possibility of delivery. *Barnett*, 283 F.3d at 1241–42 (citations omitted). It is a proof in the negative, insufficient to rebut a presumption of delivery. *Jones v. United States*, 226 F.2d 24, 27 (9th Cir. 1955). What is still left unclear by the government's motion, reply, and supporting declarations, and what should be material to the Court's decision, is the procedure at BOP's Southeast Regional Office for receiving and cataloging mail *at initial receipt* and whether it is possible the mail can be misplaced or misfiled upon receipt.

    *Second*, given Mr. Solomon's lack of firsthand knowledge, the Court should exclude his testimony because it is an unqualified expert opinion based on anecdotal evidence. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993) ("relaxation of the usual requirement of firsthand knowledge"

is "premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline."). Mr. Solomon does not offer any methodology to satisfy the reliability of his study of the mail, nor is he qualified to provide an opinion on the conclusiveness of delivery of Ms. Bright's presuit notice. Instead, his study takes three other mailings with the same destination zip code that were sorted on the same machine and on the same date as Ms. Bright's notice and then renders the opinion that "there is no data or information to support a conclusion the mail piece left the Atlanta Processing and Distribution Center." (Doc. 17-1 ¶ 8). This review cannot satisfy the reliability requirement under *Daubert*. *Daubert*, 509 U.S. at 594–94. At this stage, the Court should exclude Mr. Solomon's opinion and conclusion. And even if accepted, the conclusion—negative evidence—does not rebut the presumption of delivery of the presuit notice. As the Postal Service makes clear, the notations in the certified mail tracking system are not conclusive of whether a mail piece is delivered. (Doc. 10 PageID 56).

Dated: May 7, 2023.

                              Respectfully submitted,

                              */s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

                              *Attorneys for Plaintiff*