UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CRISTY BRIGHT,

    Plaintiff,

v.                                                   Case No. 5:23-cv-101-BJD-PRL

UNITED STATES OF AMERICA,

    Defendant.
    _____/

**O R D E R**

**THIS CAUSE** is before the Court on the Government's Motion to Dismiss (Doc. 5) and the related briefing (Docs. 10, 17, and 22). The Government argues the Court should dismiss this case for lack of subject-matter jurisdiction. (See generally Doc. 5).

**A. Background**

Plaintiff sues the Government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. (See generally Doc. 1; Complaint). Plaintiff alleges that "[o]n or about March 9, 2022, Plaintiff filed a claim with the U.S. Bureau of Prisons (BOP) under the FTCA . . . and has satisfied the jurisdictional prerequisites." Id. at ¶ 2. Plaintiff filed this lawsuit on February 10, 2023. Id. The Government disputes whether Plaintiff followed

the jurisdictional requirements for this Court to have subject matter jurisdiction. (See generally Doc. 5).

**B. Legal Standard**

Under Federal Rule of Civil Procedure (Rule) 12(b)(1), a district court may dismiss a complaint for a court's "lack of subject-matter jurisdiction." For a facial attack on the complaint under Rule 12(b)(1), a Court may use the same evaluation standard under a Rule 12(b)(6) motion: that the allegations on the Complaint are accepted as true and in favor of the non-moving party. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. May 20, 1981).[1]

For a factual attack on the complaint, at issue "is the trial court's jurisdiction—its very power to hear the case—[so,] there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. (quoting Mortensen v. First Fed. Sav. and Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of dispute material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"Jurisdictional issues are for the court—not a jury—to decide, whether they hinge on legal or factual determinations." Williamson, 645 F.2d at 413; see also Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding."). "The unique power of district court to make factual findings which are decisive of jurisdiction is . . . not disputed." Williamson, 645 F.2d at 413 (citations omitted); see also Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, . . . the court may inquire by affidavits or otherwise, into the facts as they exist."). "This means that the district court is not limited to an inquiry into undisputed facts" to determine a motion raised under Rule 12(b)(1). Williamson, 645 F.2d at 413.

**C. Discussion**

"Federal courts have limited subject matter jurisdiction[, meaning] they have the power to decide only certain types of cases." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260–61 (11th Cir. 2000). District courts "can exercise this power only over cases for which there has been a congressional grant of jurisdiction[.]" Smith v. GTW Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). "[B]ecause the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts should proceed with

caution in construing constitutional and statutory provisions dealing with [their] jurisdiction." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations and internal marks omitted).

Here, Plaintiff sues under the FTCA. By law, a plaintiff cannot sue "the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant" has "first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing[.]" 28 U.S.C. § 2675(a). "The failure of an agency to make a final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim[.]" Id.

Under the FTCA, there are limits to when a plaintiff may timely file a tort claim. The FTCA provides,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

"A federal court's power to adjudicate a tort claim brought against the United States depends solely on whether the claimant has previously

- 4 -

complied with the minimal requirements of the statute." Adams v. United States, 615 F.2d 284, 292, amended, 622 F.2d 197 (5th Cir. 1980) (citing 28 U.S.C. § 2675). To satisfy the requirements under 28 U.S.C. § 2675(a), a plaintiff must "(1) give the agency written notice of [her] claim sufficient to enable the agency to investigate and (2) place[ ] a value on [her] claim." Id. at 289. Under federal regulations, a putative plaintiff must submit her claim via an SF95 Form or other written notification. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1241 (11th Cir. 2002) (citing 28 C.F.R. § 14.2).

Here, the dispute is whether the Government received Plaintiff's claim. Government agencies "should not be accorded any special presumption of believability because [they are] branch[es] of the United States government and should be treated no differently than a private defendant[.]" Barnett, 283 F.3d at 1239. A plaintiff must "demonstrate three facts to create a presumption that [a government agency sued under the FTCA] received [her] completed SF95: '(1) the document was properly addressed; (2) the document was stamped; and (3) the document was mailed.'" Id. (quoting Gonzales Packing Co. v. E. Coast Brokers and Packers, Inc., 961 F.2d 1543, 1545 (11th Cir. 1992)).

A government agency may rebut the presumption it received a written claim. See id. (citing Bailey v. United States, 642 F.2d 344, 347 n.1 (9th Cir. 1981) ("[T]he presumption [that the plaintiff's FTCA claim was received],

assuming that it exists, [was] rebutted by proof of non-receipt.")). "[T]he presumption of receipt is 'not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty and the usual course of business; and, when" the presumption of receipt "'is opposed by evidence that the letters never were received, must be weighed with all the other circumstances of the case . . . in determining the question whether the letters were actually received or not.'" Barnett, 283 F.3d at 1240 (quoting Rosenthal v. Walker, 111 U.S. 185, 193–94 (1884)). To determine whether an office received mail, "[t]he court would need testimony about the office's practice and procedure for receiving and filing incoming mail—that is, circumstantial evidence—in order to draw an inference that the mail was or was not received." Barnett, 283 F.3d at 1241.

"Determining whether an office receives an item mailed to it is [a] complicated matter[.]" Id. While a court may consider testimony about the office's practices and procedures for processing mail, such testimony "'is negative evidence and has no appreciable value' in rebutting the presumption of receipt. Rather, such negative evidence merely gives rise to a 'presumption that the ordinary course of business or procedure was followed on a given day' and that, alone, cannot overcome another presumption." Rios v. Nicholson, 490 F.3d 928, 933 (Fed. Cir. 2007) (quoting Charlson Realty Co. v. United

States, 384 F.2d 434, 444 (Ct. Cl. 1967)). "A presumption cannot be overturned or rebutted by speculation or suspicion. It can only be destroyed or overcome by convincing and uncontradicted evidence to the contrary which clearly and distinctly establishes a fact so that reasonable minds can draw but one inference." Charlson, 384 F.2d at 444.

In an unpublished opinion, the Eleventh Circuit evaluated whether a district court properly dismissed a claim for failing to exhaust administrative remedies. Swauger v. Dep't of Def. – Def. Intel. Agency, 852 F. App'x 393, 394 (11th Cir. 2021). At issue was whether the plaintiff had received the final agency action. Id. at 396. There, the Eleventh Circuit reviewed documents, including delivery attempts the United States Postal Service (USPS) left with the plaintiff's attorney. Id. at 395. The Court explained to "overcome a presumption of receipt," the intended recipient must also "inquire[ ] about late or missing mail." Id. at 396 (citing Kerr v. McDonald's Corp., 427 F.3d 947, 952–53 n.8 (11th Cir. 2005)). The Court attributed any non-receipt to the plaintiff because his attorneys used "two zip codes interchangeably during the administrative proceedings." Swauger, 852 F. App'x at 396.

Here, Plaintiff addressed a SF95 Form to the United States Bureau of Prisons Southeast Regional Office. (Doc. 11.2). The letter was stamped on March 9, 2022. Id. Plaintiff's counsel attests that he personally mailed the SF95 Form in the letter mailed via certified mail. (Doc. 11). The letter was

received by USPS on March 9, 2022 at 4:42 p.m. (Doc. 5.4 at 3). Plaintiff has satisfied the presumption that her FTCA claim was received. See Barnett, 283 F.3d at 1239.

To rebut this assumption, the Government presents the sworn affidavits of two employees of the BOP. (See Docs. 5.1; 5.2). In each, the employees explain how tort claims are routinely received and processed and that the employees never received Plaintiff's letter. (See Docs. 5.1; 5.2).

The Government also provides the tracking details from the tracking number provided on the certified mailing receipt. (Doc. 5.4). The tracking number purports to show the letter was never delivered. Id. The Government presents a sworn declaration from Mr. Solomon, who works for USPS as Chief Counsel of its General Law Unit. (Doc. 17.1). In his declaration, Mr. Solomon explains that the letter, if it had left the Processing and Distribution Center in Atlanta, Georgia, then it would have been scanned "multiple additional" times. Id. at ¶ 5. This does not explain what happened specifically to Plaintiff's letter. Mr. Solomon does not state whether the additional scans happened at the Processing and Distribution Center in Atlanta, Georgia or whether the mailings were scanned at delivery. See id. at ¶ 6.

USPS explains that "[t]he absence of a delivery scan on a mailpiece does not necessarily indicate that the item was not delivered. It is possible the piece was delivered but the scan was not captured." USPS, USPS

Tracking® - The Basics, https://faq.usps.com/s/article/USPS-Tracking-The-Basics (last visited June 27, 2023). Mr. Solomon's statement does not rebut USPS' general statement about tracking scans and whether a letter is delivered.

The Government has not met its burden to prove it did not receive Plaintiff's Form for three reasons. See Barnett, 283 F.3d at 1241 ("Just because the SF95 was not among [the records received by the office] does not mean that it was not received by the office. It could have simply been misplaced after receipt or even misfiled.").

First, despite Mr. Solomon's affidavit, USPS published that a failure to scan a document "does not necessarily indicate that the item was not delivered." USPS, USPS Tracking® - The Basics, https://faq.usps.com/s/article/USPS-Tracking-The-Basics (last visited June 27, 2023); see also Barnett, 283 F.3d at 1239 ("While we agree with the fundamental premise that a claim is presented upon its receipt, we cannot go so far as to say that affirmative evidence of such receipt is required.); Swauger v. Dep't of Def. – Def. Intel. Agency, 852 F. App'x 393, 396 (11th Cir. 2021) ("The fact that the USPS's tracking website shows that delivery was attempted in an adjacent zip code does not factor into our analysis.").

Second, the Government's affidavits lead the Court to infer that the SF95 Form could have been "misplaced or misfiled" anywhere between the

BOP's outside screening site, the Southeast Regional Office, or in the mail between the Southeast Regional Office in Atlanta and the Federal Correctional Complex in Florida. (See Docs. 5.1; 5.2; 17.1); see also Barnett, 283 F.3d at 1241. Mr. Littlejohn, a Paralegal Specialist with the BOP, explains that "[a]ll mail addressed to the Southeast Regional Office is received at an outside screening site" and scanned twice for any threats. (Doc. 5.1 at ¶ 3). These scans do not document what mail is received by the facility. The first time any mail is stamped by the BOP is after it is filtered for threats through two processes on an outside facility. It is possible the SF95 Form was received at the outside facility and lost through the scanning process. Such a possibility weighs against the Government's rebuttal. See Charlson, 384 F.2d at 444.

Third, Mr. Littlejohn is a Paralegal Specialist at the BOP Southeast Regional Office located in Atlanta, Georgia. (Doc. 5.1 at ¶ 1). Ms. Register is a Legal Assistant at the Federal Correctional Complex in Coleman, Florida. (Doc. 5.2 at ¶ 1). Neither Mr. Littlejohn nor Ms. Register work at the screening facility Mr. Littlejohn describes that reviews all incoming mail for threats. (See Doc. 5.1 at ¶ 3). As the Eleventh Circuit explained, testimony from employees like Mr. Littlejohn and Ms. Register is insufficient to rebut the presumption of receipt. See Barnett, 283 F. 3d at 1242 n.9 (explaining that the affidavits of two employees were insufficient because "[n]either of

th[ose] roles would have implicit knowledge of whether the Office of Regional Counsel received Barnett's SF95; they only show that they might have eventually reviewed the form, if it was not misplaced after receipt").

The Court concludes Plaintiff "has presented an uncontradicted claim that [s]he has mailed a completed SF95" Form to the BOP. <u>Barnett</u>, 283 F.3d at 1242. The Form was mailed in a properly addressed and postage-paid envelop and received by the post office, creating the presumption of receipt. <u>See id.</u> The Government has not rebutted Plaintiff's presumption. So, the Court concludes the Government received Plaintiff's SF95. <u>See id.</u> Plaintiff has complied with statutory requirements to present a claim under the FTCA.

Accordingly, after due consideration, it is

**ORDERED:**

Government's Motion to Dismiss (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 29th day of June 2023.

_____
BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:
Counsel of Record