UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTY BRIGHT,

       Plaintiff,

       v.                Case No. 5:23-cv-00101-BJD-PRL

UNITED STATES OF AMERICA,

       Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The United States of America, by and through the undersigned Assistant United States Attorney, hereby answers Plaintiff's Complaint (Doc. 1) and submits its affirmative defenses.

### Jurisdiction and Venue

1.    Admitted Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA").  Denied Plaintiff has satisfied the requirements of the FTCA to provide this Court subject-matter jurisdiction.

2.    Denied.

3.    Denied Plaintiff filed a claim with the Bureau of Prisons.

4.    The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

5.     The allegations in this set forth paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, admitted that venue is proper.

## Parties

6.     Admitted Plaintiff was incarcerated at FCC Coleman from May 7, 2019, to December 30, 2020.

7.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, admitted.

8.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, admitted Officer Phillip Tippett was a corrections officer at FCC Coleman.

9.     Admitted Officer Tippett was a correctional officer at FCC Coleman and was directly supervised by Lieutenant William H. Thompson, Jr. The remaining allegations are specifically denied.

10.     Admitted as to the allegations set forth in the first sentence.  The remaining allegations are specifically denied.

11.     Admitted as to the allegations set forth in the first sentence.  The remaining allegations are specifically denied.

## Common Allegations of Fact

12.     Admitted.

13.     Admitted

14.     Admitted, averring FCC Coleman also includes a high security facility and that subsequent to the time period relevant to allegations in the Complaint the camp was converted to an all-male facility.

15.     Admitted as to the allegations set forth in the first sentence. Denied as to the allegation all camp inmates were sentenced for non-violent crimes.  Admitted as to the remaining allegations.

16.     Denied.

17.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, admitted as to the allegations set forth in the first two sentences.  The remaining allegations are specifically denied.

18.     Denied.

19.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, admitted the Prison Rape Elimination Act ("PREA") speaks for itself.

20.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, admitted any excerpts from PREA speak for themselves.

21.    The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, admitted any excerpts from PREA speak for themselves.

22.    The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, admitted any excerpts from PREA speak for themselves.

23.    The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, admitted any excerpts from PREA speak for themselves.

24.    The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, admitted complaints, report, and filed lawsuits speak for themselves. The remaining allegations are specifically denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, denied.

30.    The United States is without sufficient information to admit or deny, and therefore denied.

31.    The United States is without sufficient information to admit or deny, and therefore denied.

32.    The United States is without sufficient information to admit or deny, and therefore denied.

33.    The United States is without sufficient information to admit or deny, and therefore denied.

34.    The United States is without sufficient information to admit or deny, and therefore denied.

35.    Denied.

36.    The United States is without sufficient information to admit or deny, and therefore denied.

37.    The United States is without sufficient information to admit or deny the allegations set forth in the first sentence, and therefore denied.  The allegations set forth in the second sentence are specifically denied.

38.    The United States is without sufficient information to admit or deny, and therefore denied.

39.    The United States is without sufficient information to admit or deny, and therefore denied.

40.    The United States is without sufficient information to admit or deny, and therefore denied.

41.    The United States is without sufficient information to admit or deny, and therefore denied.

42.    The United States is without sufficient information to admit or deny, and therefore denied.

43.    The United States is without sufficient information to admit or deny, and therefore denied.

44.    The United States is without sufficient information to admit or deny, and therefore denied.

45.    The United States is without sufficient information to admit or deny, and therefore denied.

46.    The United States is without sufficient information to admit or deny, and therefore denied.

47.    The United States is without sufficient information to admit or deny, and therefore denied.

48.    The United States is without sufficient information to admit or deny, and therefore denied.

49.    The United States is without sufficient information to admit or deny, and therefore denied.

50.    The United States is without sufficient information to admit or deny, and therefore denied.

51.    The United States is without sufficient information to admit or deny, and therefore denied.

52.    The United States is without sufficient information to admit or deny, and therefore denied.

53.    The United States is without sufficient information to admit or deny, and therefore denied.

54.    The United States is without sufficient information to admit or deny, and therefore denied.

55.    The United States is without sufficient information to admit or deny, and therefore denied.

56.    The United States is without sufficient information to admit or deny, and therefore denied.

57.    The United States is without sufficient information to admit or deny, and therefore denied.

58.    The United States is without sufficient information to admit or deny, and therefore denied.

59.    The United States is without sufficient information to admit or deny, and therefore denied.

60.    The United States is without sufficient information to admit or deny, and therefore denied.

61.    The United States is without sufficient information to admit or deny, and therefore denied.

62.    The United States is without sufficient information to admit or deny, and therefore denied.

63.    The United States is without sufficient information to admit or deny, and therefore denied.

64.     The United States is without sufficient information to admit or deny, and therefore denied.

65.     The United States is without sufficient information to admit or deny, and therefore denied.

66.     Denied.

67.     Denied to the extent the report was expunged prior to Officer Tippett's death.

68.     Admitted Plaintiff remained at the Low facility until her transfer. Denied as to alleged violations of the Eighth Amendment.

69.     Denied.

70.     Denied.

71.     Admitted there was a toilet in the cell but denied as to allegations set forth regarding its placement.  Denied as to allegations regarding the shower curtain.  The United States is without sufficient information to admit or deny the remaining allegations, and therefore denied

72.     Admitted Plaintiff's prescriptions were not renewed.  The United States is without sufficient information to admit or deny the remaining allegations, and therefore denied

73.     Admitted Plaintiff remained segregated in the Health Services Department in the Low facility.

74.     The United States is without sufficient information to admit or deny, and therefore denied.

75.   Denied.

76.   Denied

77.   The United States is without sufficient information to admit or deny, and therefore denied.

78.   Denied Officer Tippett was under investigation relating to Plaintiff's allegations.  Admitted news articles speak for themselves.

79.   Admitted.

80.   Denied.

81.   Admitted excerpts from the BOP Special Investigative Supervisor Manuel speak for themselves.

82.   Admitted excerpts from the BOP Special Investigative Supervisor Manuel speak for themselves.

83.   Admitted  Plaintiff filed an  administrative remedy  with the Regional Office regarding PREA.  Denied that she did not receive a response.

84.   The United States is without sufficient information to admit or deny, and therefore denied.

85.   The United States is without sufficient information to admit or deny, and therefore denied.

86.   The United States is without sufficient information to admit or deny, and therefore denied.

87.   The United States is without sufficient information to admit or deny, and therefore denied.

88.     The United States is without sufficient information to admit or deny, and therefore denied.  Specifically denied Plaintiff is entitled to the relief she seeks.

## COUNT I – Negligence

89.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

90.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

91.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

92.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

93.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

94.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

95.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

96.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

## COUNT II – Assault and Battery

97.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

98.     The allegations set forth in this paragraph constitute legal conclusions to which no response is necessary.  To the extent a response is required, denied.

General denial. To the extent not specifically admitted above, the United States generally denies all allegations in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint and as separate affirmative defenses, the United States asserts as follows:

1.     The allegations in the Complaint fail to state a claim upon which relief can be granted and fail to invoke this Court's subject-matter jurisdiction, including by failing to allege sufficient facts of any prior misconduct by Officer

Tippett or knowledge by the BOP of such misconduct and by failing to allege sufficient facts to overcome the discretionary-function exception to the FTCA.

2.      The allegations in the Complaint fail to state a claim upon which relief can be granted with specific respect to alleged intentional torts.  "Sexual assaults and batteries committed by employees are generally held to be outside the scope of…employment and, therefore, insufficient to impose vicarious liability on the employer."  *Goss v. Human Services Assocs.*, 79 So.3d 127, 132 (Fla. 5th DCA 2012).

3.      Plaintiff failed to exhaust the administrative remedies necessary to give this Court subject-matter jurisdiction over asserted claims.

4.      Plaintiff's claim is subject to the FTCA and all limitations applicable thereto, including that Plaintiff's cause of action shall be tried by the Court without a jury, that Plaintiff's recovery, if any, is limited by the amount of any administrative claim, and that the United States is not liable for prejudgment interest, punitive damages, or the fees and expenses identified in her Complaint.

5.      Plaintiff's claim is barred by the FTCA's discretionary-function exception because the conduct at issue in plaintiff's claim implicates elements of judgment or choice and is of the type of discretionary conduct the exception was designed to shield.

6.      The injuries and/or damages claimed by Plaintiff, if any, were neither directly nor proximately caused by the United States or any employee

of the United States acting within the scope or his or her employment. Similarly, Plaintiff failed to mitigate her damages, if any.

7.     Inasmuch as the United States may be held liable only in the same manner and to the same extent as a private person under like circumstances, applying the law of the state where the alleged negligent act or omission occurred, the United States is protected by such other defenses, including affirmative defenses, as would be available to a private person under like circumstances under appliable law.

8.     The United States hereby reserves any and all other defenses or affirmative defenses not currently known, which it has or, through discovery, learns may be applicable.

WHERREFORE, having fully answered the allegations in the Complaint and submitted its denials, defenses, and affirmative defenses, the United States prays Plaintiff take nothing by way of this lawsuit and that judgment be awarded in favor of the United States, together with costs and such other and further relief as the Court deems appropriate.

Dated: July 13, 2023                    Respectfully submitted,

                                         ROGER B. HANDBERG
                                         United States Attorney

                         By:     */s/ Julie Posteraro*
                                         Julie R. Posteraro
                                         Assistant United States Attorney
                                         USA No. 157
                                         400 W. Washington Street, Suite 3100
                                         Orlando, Florida 32801
                                         Telephone: (407) 648-7500
                                         Facsimile: (407) 648-7588
                                         Email: Julie.Posteraro@usdoj.gov