UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| CRISTY BRIGHT,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | Case No. 5:23-cv-101-BJD-PRL |

**<u>Plaintiff's Opposed Motion to Reopen Case</u>**

Pursuant to Local Rule 3.09 and the Court's January 10, 2024 Order (Doc. 27), Plaintiff Cristy Bright respectfully moves to reopen this case for a period of 60 days. In support, Ms. Bright states:

1. On January 9, 2024, Ms. Bright filed a notice of settlement. (Doc. 26).

2. Thereafter, Ms. Bright entered into a settlement agreement with Defendant United States of America.

3. One of the terms of the settlement agreement provides that Ms. Bright "understand[s] and agree[s] that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course

of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program." The settlement agreement directed payment of settlement proceeds to Ms. Bright's counsel's trust account.

4. Upon providing financial information to the United States, defense counsel informed Ms. Bright's counsel that payment would take 4-6 weeks to process. Plaintiff's counsel has followed up several times over the course of the past month as to the status of payment.

5. This week, defense counsel informed Plaintiff's counsel that the settlement proceeds were sent by EFT to Plaintiff's counsel's trust account on or about February 23, 2024.

6. Having not received the funds, Plaintiff's counsel again inquired this week as to the status of the proceeds, in which, for the first time, on March 5, 2024, counsel for the United States informed Plaintiff's counsel that the Treasury Offset Program (TOP) "fully offset the payment to satisfy an active debt of Ms. Bright, …." Defense counsel also informed Ms. Bright's counsel that she was "not privy to the information to why it happened," the "origin of the debt or how much the debt was," and that Ms. Bright would be notified by the Treasury Department by letter "to explain the offset details."

7. Per the Court's Order (Doc. 27), this case will be dismissed with prejudice on March 11, 2024.

8. On March 5, 2024, Ms. Bright and her counsel had a legal call, in which Mr. Bright informed her counsel that she had not yet received any notification regarding the TOP offset.

9. Accordingly, Ms. Bright asks that the Court reopen the case for a period of 60 days so that her counsel can obtain the letter from the federal government to determine the offset nature and amount to determine whether Ms. Bright has a basis to move to enforce the settlement agreement.

10. Given the timing, Ms. Bright's counsel will not have an opportunity to resolve these issues prior to the March 11 deadline to reopen the case.

11. For these reasons, Ms. Bright has shown good cause to reopen the case for a limited period of time to determine whether the United States has complied with the settlement agreement. She asks that the Court grant this motion and reopen the case for a period of 60 days.

### Local Rule 3.01(g) Certification

On March 5, 2024, the undersigned conferred with counsel for the United States, who stated that the United States opposes this motion.

Dated: March 5, 2024.

        Respectfully submitted,

        /s/ *James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32302
Tel. (305) 523-9023
james@slater.legal

        -and-

James V. Cook (FBN 0966843)
Law Office of James Cook
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

*Attorneys for Plaintiff*